**136**

## LABORATORY SUPPLY CORPORATION OF AMERICA

v.

## The UNITED STATES.

No. 682–83C.

United States Claims Court.

Dec. 13, 1983.

Thomas C. Wheeler, Washington, D.C., for plaintiff; Barbara G. Werther and Pettit & Martin, of counsel.

Joseph T. Casey, Jr., Washington, D.C., with whom was Asst. Atty. Gen., J. Paul McGrath, Washington, D.C., for defendant; David M. Cohen, Washington, D.C., Director.

OPINION AND ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

PHILIP R. MILLER, Judge:

On November 14, 1983, plaintiff filed a complaint seeking injunctive relief pursuant to 28 U.S.C. § 1491(a)(3).

Plaintiff alleged that it was the apparent low bidder on Solicitation No. N00604–84–B–0001 for a requirements contract for the period November 15, 1983 through May 1, 1984 for food packaging material, issued by the Naval Supply Center at Pearl Harbor, Hawaii. The solicitation requested bids for two sizes of clear meat packaging film and four sizes of foam trays in specified quantities. It stated that on November 3, 1983, the bids were opened and disclosed plaintiff to be low bidder on both types of items. However, it alleges that defendant by the actions of its agents, employees or representatives acted arbitrarily, capriciously and without rational basis in determining plaintiff to be nonresponsive to the solicitation, thereby causing plaintiff to suffer immediate and irreparable harm.

The solicitation described the two classes of items as follows:

0001     *Clear Meat Packaging Film* (Stretch Packaging Film), to fit on "Hobart" 5000 automatic equipment, "Resinite" RMF–61HY, Code No. 3500, mfd. by Borden Chemical Corporation, Compton, California 90224 or equal:

0002     *Foam Tray*, white, molded polystyrene for meat as mfd. by Mobile Chemical, Woodland, California or equal:

Items 0001AA and 0001AB requested bids for two different sizes of the film in estimated quantities. Items 0002AA through 0002AD requested bids for four different sizes of the trays in estimated quantities. Plaintiff bid on all six items, listing both unit prices and total amounts for each item. On the next page, the solicitation requested the following information for the two meat packaging film items and the four foam tray items:

B15  BIDDING ON  (TO BE COMPLETED BY BIDDER)

| Item No. | Manufacturer's Name | Brand | Number |
|---|---|---|---|
| 0001A | _____ | ____ | ____ |
| 0001AB | _____ | ____ | ____ |
| 0002AA | _____ | ____ | ____ |
| 0002AB | _____ | ____ | ____ |
| 0002AC | _____ | ____ | ____ |
| 0002AD | _____ | ____ | ____ |

On a subsequent page, the solicitation requested the following:

K9  PLACE OF PERFORMANCE (INSPECTION AND ACCEPTANCE AT DESTINATION)

The bidder or offeror shall furnish the following information:

a.  Name and location of principal producing facility of supplies or services to be furnished:

_____
(Name)      (Street)     (City, State, Zip Code)

b.  Name(s) and address(es) of the firm(s) or person(s) owning or operating the facility in "a" above, if other than bidder/offeror.

_____
(Name)      (Street)     (City, State, Zip Code)

In Section L, entitled "INSTRUCTIONS, CONDITIONS AND NOTICES TO OFFERORS", paragraph 9 set forth the following provision:

L9  BRAND NAME OR EQUAL (IFB) (1973 APR) (DAR–7–2003.10)

• • • •

(a) If items called for by this invitation for bids have been identified in the schedule by a "brand name or equal" description, such identification is intended to be descriptive, but not restrictive, and is to indicate the quality and characteristics of products that will be satisfactory. Bids offering "equal" products, including products of the brand name manufacturer other than the one described by brand name will be considered for award if such products are clearly identified in the bids and are determined by the Government to meet fully the salient characteristics requirements referenced in the invitation for bids.

(b) Unless the bidder clearly indicates in his bid that he is offering an "equal" product, his bid shall be considered as offering a brand name product referenced in the invitation for bids.

(c) (1) If the bidder proposes to furnish an "equal" product, the brand name, if any, of the product to be furnished shall be inserted in the space provided in the invitation for bids, or such product shall be otherwise clearly identified in the bid. The evaluation of bids and the determination as to equality of the product offered shall be the responsibility of the Government and will be based on information furnished by the bidder or identified in his bid, as well as other information reasonably available to the purchasing activity. CAUTION TO BIDDERS. The purchasing activity is not responsible for locating or securing any information which is not identified in the bid and reasonably available to the purchasing activity. Accordingly, to insure that sufficient information is available, the bidder must furnish as a part of this bid all descriptive material (such as cuts, illustrations, drawings, or other information) necessary for the purchasing activity to (i) determine whether the product offered meets the salient characteristics requirements of the invitation for bids and (ii) establish exactly what the bidder proposes to furnish and what the Government would be binding itself to purchase by making an award.

Plaintiff submitted a timely bid in response to Solicitation No. N00604–84–B–0001. Public bid opening was held as scheduled on November 3, 1983. After opening, plaintiff was the apparent low bidder. Plaintiff had submitted bid prices for each of the six line items solicited, and had inserted a statement at the bottom of the pricing page that said "NOTE: BIDDING ALL OR NONE ON ALL LINE ITEMS." Plaintiff's total bid price was $64,787.80, which was $4,838.00 lower than the next lowest combination of prices offered for the six items.

In section B15, on the top line alongside item 0001AA, where the manufacturer's name, brand, and number were to be listed for each item, plaintiff inserted the words "ALL ITEMS BORDEN CHEMICAL AS SPECIFIED." Plaintiff left blank the remaining five lines. Plaintiff did not insert any information for any of the six items under the columns for brand or number.

In section K9 also, plaintiff wrote in the blank space only the name and address of the Borden Chemical Company.

After bid opening, the contracting officer determined that Laboratory Supply's bid was nonresponsive, and rejected it for the reason that Laboratory Supply had indicated that it intended to supply Borden Chemical products for *all* items, including items numbered 0002AA through 0002AD,

but had failed to furnish descriptive literature necessary for the contracting officer to determine whether the products offered met the salient characteristics requirements of the invitation for bids.

On November 4, 1983, the day after the bid opening, plaintiff wrote to the Naval Supply Center as follows:

We wish to rectify a clerical omission in our bid proposal for the above referenced solicitation: On page 5, section B–15 should have included: "Mobil Chemical as specified" for items 0002AA through 0002AD.

Also, on page 15, section K–9 a. and b. should have included "Mobil Chemical Plastics Division Packaging Department, 1351 E. Beamer, Woodland, CA 95695" "A publicly-held stock company".

Our intent is to indicate that our bid is based on all the items exactly as requested in the solicitation.

In an undated letter to the Naval Supply Center plaintiff wrote that the price quotation references in its response to the solicitations were for the Borden product for the packaging film and for the Mobil product for the foam trays, and plaintiff intended to conform precisely to the invitation. It enclosed a price quotation dated November 4, 1983, from a supplier, Blake, Moffitt & Towne, showing that its quotations to plaintiff were for the Borden manufactured packaging film and the Mobil foam trays.

Laboratory Supply's suit seeks a declaratory judgment that it was the low responsive bidder on the solicitation, and temporary and permanent injunctive relief restraining the Naval Supply Center from awarding a contract under such solicitation to anyone other than Laboratory Supply. On November 22, 1983, the court issued an order preserving the *status quo* for a period of 30 days, based upon the Navy Supply Center's assurances that no award would be made to any other bidder during that period.

It is clear that if plaintiff had completely failed to supply any of the information requested in section B15 and K9 of the solicitation (the manufacturers, name, brand, product number and the location of the principal producing facility), there would be no basis for rejection of its bid. For, pursuant to section L9, its bid would be considered as offering the brand name products referenced in the invitation. Defendant's position is, however, that because plaintiff wrote on the first line of section B15, alongside Item 0001AA, "All Items Borden Chemical as Specified", but made no other notations on any of the other lines, plaintiff signified thereby that its bid was based on furnishing not only the specified Borden brand meat packaging film but also Borden manufactured foam meat trays equal in quality to the specified Mobil brand trays. It also claims that this is confirmed by plaintiff's filling in only the Borden name in section K9. Defendant then argues that the contracting officer properly rejected plaintiff's bid for the meat trays because plaintiff failed to supply the information required by the solicitation with respect to the manufacturer, brand, number and other descriptive data for products tendered by the bidder as equal to the specified brand.

Defendant's position is not well taken. Section L9(b) provides that "Unless the bidder *clearly* indicates in his bid that he is offering an 'equal' product, his bid *shall be* considered as offering a brand name product referenced in the invitation for bids." [Emphasis supplied.] Even if it is possible to infer from plaintiff's notation that it proposed to deliver Borden manufactured meat trays, it is by no means clear. The notation is only on the first line opposite a film item. The notation may also be understood to mean that all of the items with the 0001 number (the film items) are made by Borden Chemical as specified, or that all items specified by the brand name Borden Chemical will be as specified. Moreover, the affidavit of plaintiff's president states, without contradiction by any affidavit of defendant, that it is commonly known that Borden Chemical does not make polystyrene foam trays. Nor does the fact that only Borden's name and address was entered in section K9 as the principal producing facili-

ty confirm that plaintiff clearly intended to furnish equal quality trays made by Borden in lieu of the Mobil brand. The purpose of that section in addition to section B15 is unclear; there is room for only one name in the space allotted in section K9, and nothing is stated as to what should be filled in where there are two different products; and there is no definition of "principal producing facility." The omission of Mobil's name in section K9 is equally consistent with the absence of any need therefor, because Mobil's brand name product would be furnished.

Finally, since section L9(b) states that the consequence of a bidder's omission to indicate clearly in his bid that he is offering an "equal" product is only that "his bid *shall be* considered as offering a brand name product referenced in the invitation" [emphasis supplied], plaintiff had a right to rely on it. It is difficult to conclude that the solicitation made it clear to the bidder that in lieu of the stated effect, in the discretion of the contracting officer, the consequence of such an omission *may* be rejection of the bid. Defendant argues that section L9(b) is only for the benefit of the government, but if the government so intended in the solicitation, it would have been easy to say so. It must, therefore, be concluded that the contracting officer's rejection of plaintiff's low bid was arbitrary and capricious.

Defendant also argues that even if the contracting officer erred, the error is not so truly extraordinary as to warrant the extraordinary relief of an injunction. However, in recommending the enlargement of the jurisdiction of this court to grant such relief in the Federal Courts Improvement Act of 1982, 96 Stat. 25, 39, the House Committee stated as a reason for the enactment of such provision, that (H.Re.P. No. 312, 97th Cong., 1st Sess., 43–44), "the Government must respect the rule of law" and "[i]f it deviates from that norm it must be accountable for its actions in the courts."

If defendant is not enjoined from awarding the contract to another (higher) bidder, plaintiff will be irreparably injured because it will be deprived of the fruits of the contract to which it is entitled as low bidder, but nevertheless it will have no remedy at law against such arbitrary and capricious action except for recovery of its relatively small bid preparation costs. *Keco Industries, Inc. v. United States,* 203 Ct.Cl. 566, 574, 492 F.2d 1200, 1203 (1974); *Heyer Products Co. v. United States,* 135 Ct.Cl. 63, 69, 140 F.Supp. 409, 412 (1956).

On the other hand, defendant will not be substantially injured by the adverse effect of the injunction against it. The procurement at issue does not involve defense equipment or supplies of which it is critically short. Defendant's counsel has informed the court that during the 30-day period during which the Navy has suspended action on the solicitation, it will be able to purchase the meat packaging film and foam trays locally. Furthermore, the public interest will be served by enabling the award to the lowest bidder at a saving of $4,838 over the next lowest bid. It is also noted that plaintiff does not seek to enjoin defendant from cancelling the solicitation at issue and initiating a new procurement should defendant conclude that the clauses in its original solicitation do not reflect its actual intent.

Wherefore, plaintiff's motion for summary judgment is granted and defendant's cross-motion for summary judgment is denied.

A declaratory judgment shall be entered that plaintiff is the low bidder on Solicitation No. N00604–84–B–0001. A further judgment is to be entered that defendant, the Department of the Navy, and its officers, agents and employees are enjoined from awarding a contract pursuant to Solicitation No. N00604–84–B–0001 to any person or entity other than plaintiff.

Defendant's attorney shall communicate as soon as reasonably possible the contents of this order and opinion to the proper Navy contracting officials.

Costs are allowed to the plaintiff.